IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DEBBIE A. HARRIS                                                                                    PLAINTIFF

V.                                                                                    NO. 3:11CV-00026-NBB-JMV

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                                  DEFENDANT

## REPORT AND RECOMMENDATION

Before the court is the defendant's Motion for summary judgment (# 7). The matter has been submitted to the undersigned United States Magistrate Judge for issuance of a report and recommendation. And, having duly considered the submissions of the parties, the record and the applicable law, the court finds and recommends as follows:

### I. Introduction

The defendant filed a motion to dismiss the complaint under FED. R. CIV. P. 12(b)(1) on the ground that the plaintiff failed to timely file her complaint for judicial review of an unfavorable final decision of the Commissioner of Social Security. Because the Commissioner submitted matters outside the pleadings in support of his motion to dismiss, the court converted the motion to one for summary judgment. Though the *pro se* plaintiff failed to timely respond to the motion to dismiss, by Order dated July 18, 2011 (# 9), the court notified her of its decision to convert the motion to one for summary judgment and granted her 14 days to respond with summary judgment evidence. The plaintiff filed her *pro se* response (# 10) on July 25, 2011. The Commissioner filed his reply brief (# 11) on July 29, 2011.

### II. Facts

On April 22, 2010, an administrative law judge ("ALJ") issued an unfavorable decision regarding the plaintiff's application for disability benefits. The plaintiff requested Appeals Council Review of the ALJ's hearing decision, and on November 24, 2010, the Appeals Council mailed a

Notice of its decision denying review of the ALJ's decision. The Notice also explained the plaintiff's right to commence a civil action in federal court within 60 days of receipt of the Notice and of the right to request and extension.[1] Allowing five days for presumptive receipt of the Appeals Council's notice, thus tolling 65 days from the November 24, 2010 Notice date, the plaintiff was required to commence her civil action on or before Friday, January 28, 2011.[2] However, the plaintiff did not commence this action until February 25, 2011.

The plaintiff's *pro se* response to the defendant's motion for summary judgment consists of only one page and is incoherent. Nevertheless, attached to the response are copies of medical records. In particular a medical source statement from Dr. Paul Odom, dated May 23, 2008, indicates that the plaintiff suffered from uncontrolled diabetes and "mental problems" among other things.

### III. Summary Judgment Standard

Pursuant to Rule 56 of the *Federal Rules of Civil Procedure* the moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* FED.R.CIV.P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.,* 842 F.2d 815, 816 (5th Cir.1988).

---

[1] The Appeals Council's decision denying review rendered the ALJ's decision the "final decision" of the Commissioner from which the claimant could request judicial review within 60 days from receipt of the Appeals Council's notice. *See* 42 U.S.C. § 405(g) (2011).

[2] The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. *See* 20 C.F.R. §§ 404.901, 416.1401, and 422.210(c) (2011).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.,* 75 F.Supp.2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes or facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* at 543 ( *citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir.1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial." *Id.* ( *quoting Topalian v. Ehrman,* 954 F.2d 1125, 1138 (5th Cir.1987)).

To rebut a properly supported motion for summary judgment, a plaintiff must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth,* 75 F.Supp.2d at 543. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth,* 75 F.Supp.2d at 543.

## IV. Law and Analysis

The Commissioner moves to dismiss the plaintiff's complaint for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) because the plaintiff failed to timely file her complaint. The Commissioner also argues that the complaint fails to state a claim upon which relief may be granted. Lastly, the Commissioner argues that there are no circumstances that justify application of the doctrine of equitable tolling of the 60-day limitations period.

3

Under 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c) (2011), a claimant has 60 days from the date she receives notice of the Appeals Council's decision denying a request for review to file an action in federal court. The Fifth Circuit has held that the 60-day period set forth in § 405(g) is a statute of limitation rather than a jurisdictional requirement.[3] *See Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991) (citing *Mathews v. Eldridge,* 424 U.S. 319, 328 n. 9 (1976)); *see also Fletcher v. Apfel,* 210 F.3d 510, 513 (5th Cir. 2000); *Triplett v. Heckler,* 767 F.2d 210, 211 & n. 1 (5th Cir. 1985), *cert. denied,* 474 U.S. 1104, 106 (1986). The limitation embodied in § 405(g) serves as a mechanism "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York,* 476 U.S. 467, 481 (1986). "Congress has authorized the Secretary to toll the 60-day limitations period." *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (citation omitted).

If a claimant fails timely to file her federal court complaint or obtain an extension of time from the Appeals Council, in appropriate situations, she may invoke the doctrine of equitable tolling. *See Flores,* 945 F.2d at 113 (citing *Bowen,* 476 U.S. at 480). "In rare cases, courts may toll . . . [the 60-day limitations period] . . . when the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Barrs*, 906 F.2d at 122 (citations and internal quotations omitted). Equitable tolling may be appropriate where the "plaintiff was prejudiced by the lack of (or untimely) notice to his attorney" or "if the Secretary violated his own regulations by failing to timely send notice to the attorney, at least if sufficient resultant prejudice were shown." *See Flores*, 945 F.2d at 113 n. 5. *See also Torres v. Barnhart*,

---

[3] The defendant's statement that the court lacks subject matter jurisdiction because the complaint was filed outside the 60-day time period under § 405(g) is incorrect. In *Flores v. Sullivan*, a case cited by the defendant, the Fifth Circuit recognized that "[t]he Supreme Court has held that the sixty-day time period . . . represents a statute of limitation instead of a jurisdictional bar." 945 F.2d 109, 113 (5th Cir. 1991) (citations omitted). Therefore, the defendant's motion should have been brought under Rule 12(b)(6).

417 F.3d 276, 282 (2nd Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005) ("[T]he doctrine of equitable tolling permits courts to deem filings timely where the litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'")

There is no dispute that the plaintiff's complaint was untimely filed. The plaintiff filed her complaint in this court on February 25, 2011, and that date is beyond the 60-day statute of limitations set forth in § 405(g). On November 24, 2010, the Appeals Council sent notice of its action to the plaintiff, informing her of her right to commence a civil action within 60 days from the date of receipt. The plaintiff presumptively received the Appeals Council's Notice no later than November 29, 2010. The duration between November 29, 2010 and February 25, 2011 is 88 days, which exceeds the 60-day filing period. The defendant has submitted the declaration of SSA personnel which states that there is no record that the plaintiff made a request to the SSA for an extension of time to file her federal court complaint.[4] The plaintiff has presented no summary judgment evidence to the contrary.

The court turns now to whether the circumstances of this case warrant application of the doctrine of equitable tolling. The plaintiff has not presented the court with any evidence in support of an excuse for her tardiness, nor has she made any argument, at the very least, that her case warrants application of the doctrine. The plaintiff attached several pages of medical records to her response to the Commissioner's motion. A portion of these records indicates that Dr. Odom opined that the plaintiff was a "severe diabetic" and had a "mental problem" among other things. It appears to the court that the plaintiff's submission of these records was more of an attempt to

---

[4]The administrative record in this case is limited to the declaration of Marian Jones of the Office of Disability Adjudication and Review of the SSA, the SSA's notice of an unfavorable decision to Plaintiff, the ALJ's decision, and the Notice of Appeals Council Action.

support her claim that she is disabled and entitled to benefits. However, to the extent that the court can construe this submission as a claim that a physical or mental condition prevented the plaintiff from complying with the statute of limitations, the claim fails.

First, while these records indicate that the plaintiff may have suffered from certain mental and physical conditions, nothing contained in them supports a conclusion that the plaintiff's condition was "so deficient as to excuse [her] from complying with the limitations period." *See Barrs*, 906 F.2d at 122.[5] Moreover, though Dr. Odom's medical source statement indicates "mental problems" and uncontrolled diabetes, it predates the period during which the plaintiff was required to file her complaint in federal court by over two years. Ultimately, nothing in Dr. Odom's report or the claimant's other submissions indicates that the claimant suffered from these conditions between November 29, 2010 and February 25, 2011. Lastly, if some physical or mental condition or other "good cause" prevented the plaintiff from filing her federal court case, she could have sought an extension from the Appeals Council; however, she failed to do so. *See* 20 C.F.R. § 404.982, 416.1482 (2011). Accordingly, the court finds this is not a "rare" case that warrants equitable tolling. Accordingly, there is no genuine issue as to any material fact; and, it is recommended that judgment be entered in favor of the Commissioner because the complaint was not timely filed.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within

---

[5]For example, one document appears to be a 2010 X-ray picture of the claimant's right shoulder; however there is no accompanying radiology report. Moreover, the ALJ attributed "no weight" to Dr. Odom's opinion regarding the claimant's mental impairments because he is not a psychiatrist or psychologist and because his opinion was at odds with that of "a trained psychologist."

fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 4th day of August, 2011.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE